**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| BENJAMIN T. HIBBARD, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:16cv-00447 |
| | § | |
| JEREMIAH MOLINA, JR. and WESTERN | § | |
| EXPRESS, INC., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTICT COURT:

COMES NOW, BENJAMIN T. HIBBARD ('Plaintiff'), and files this, his Original Complaint against JEREMIAH MOLINA, JR. and WESTERN EXPRESS, INC. In support hereof, Plaintiff would respectfully show the Honorable Court the following:

### I. PARTIES

1.  Plaintiff BENJAMIN T. HIBBARD files this complaint seeking damages against the above-captioned Defendants, JEREMIAH MOLINA, JR. and WESTERN EXPRESS, INC. JEREMIAH MOLINA, JR. is a natural person and resident of Tucson, Pima County, Arizona. WESTERN EXPRESS, INC. is a Tennessee Corporation. BENJAMIN T. HIBBARD is a natural person and resident of Fresno, Fresno County, California.

2.  JEREMIAH MOLINA, JR. is an out-of-state Defendant who was driving on Texas public roads prior to the incident that forms the basis of this complaint. Texas Civil Practice and Remedies Code, Section 17.061 et seq., provides that the Chair of the Texas Transportation Commission is the agent for service of process on a person who is a nonresident of Texas in any suit against a person involved in a crash that occurred while operating a motor

vehicle on a public highway or street in this state.  JEREMIAH MOLINA, JR.'s address is 6930 S. Chess Ave. Tucson, AZ 85756.  Therefore, he may be served through the Chair of the Texas Transportation Commission at the following address: Tryon D. Lewis, Chairman, Texas Transportation Commission, 125 E. 11th Street Austin, Texas 78701-2483, who will, in turn, forward a copy of the summons and complaint to Defendant at his residence located at 6930 S. Chess Ave. Tucson, AZ 85756., via registered mail or certified mail, return receipt requested.

3. Defendant WESTERN EXPRESS, INC. is a Tennessee corporation operating under that state's laws. WESTERN EXPRESS, INC. engages in business in the State of Texas, but does not maintain a regular place of business or a designated agent upon whom service may be performed upon for causes of action arising out of such business done in this State.  For those reasons, service of process is to be made pursuant to Section 17.044, Texas Civil Practice & Remedies Code, by serving the Secretary of State of the State of Texas as the agent for WESTERN EXPRESS, INC. This suit arises out of business done by WESTERN EXPRESS, INC. in this State, and under the circumstances, WESTERN EXPRESS, INC. has appointed the Secretary of State of Texas as its agent upon whom service of process may be had in this action. The Secretary of State is requested to forward a copy of the summons with this complaint to the President, Vice- President, or registered agent of WESTERN EXPRESS, INC. at its home office and principal place of business located at:  7135 Centennial Pl., Nashville, TN. 37209-1033. Plaintiff would show that WESTERN EXPRESS, INC. has been doing business in the State of Texas on a regular basis and this cause of action arises out of WESTERN EXPRESS, INC.'s contacts within the State of Texas.  Furthermore, Defendant has minimum contacts with the State of Texas because it has purposely availed itself of the benefits and protections of the laws of Texas.  At present, and at the time of the crash, Defendant knowingly and purposefully made use

of the roads within the State of Texas for transportation/interstate trucking. Service of process, therefore, is authorized under the terms and provisions of Section 17.044 of the Texas Civil Practice & Remedies Code, by serving the Secretary of State of Texas as agent for WESTERN EXPRESS, INC.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

5. Venue is proper in the United States District Court for the Western District of Texas, El Paso Division, under 28 U.S.C. §1391(a)(2), in that a substantial part of the events and omissions giving rise to the action occurred in this judicial district.

## III.   FACTUAL ALLEGATIONS

6. In the dark and early morning hours of December 13, 2014, Plaintiff BENJAMIN T. HIBBARD, was traveling eastbound on IH-10 in Hudspeth County, Texas, operating a 2015 Freightliner tractor/trailer. At the time in question, Plaintiff BENJAMIN T. HIBBARD, was driving with due regard for his safety as well as the safety of other users of the roadway. While travelling down IH-10 at highway speeds, Plaintiff BENJAMIN T. HIBBARD, suddenly and unexpectedly, encountered large-object scattered debris in his lawful lane of travel of IH-10, which were later determined to be vehicle axles, which through various negligent acts and/or omissions of Defendants JEREMIAH MOLINA, JR. and WESTERN EXPRESS, INC., became dislodged from a flatbed trailer being pulled by Defendant JEREMIAH MOLINA, JR.'S 2011 Freightliner tractor. At the time in question, Defendant JEREMIAH MOLINA, JR. was in the course and scope of work for Defendant WESTERN EXPRESS, INC., who owned and/or

operated the tractor/trailer that had been entrusted to Defendant JEREMIAH MOLINA, JR. The steal axles scattered on Plaintiff BENJAMIN T. HIBBARD'S lawful lane of travel created an un-navigable obstacle for the tractor being driven by Plaintiff BENJAMIN T. HIBBARD, causing his tractor and trailer to violently overturn at highway speeds, causing significant injuries, harms and losses to Plaintiff BENJAMIN T. HIBBARD.

### IV. NEGLIGENCE OF WESTERN EXPRESS, INC. EMPLOYEE, JEREMIAH MOLINA, JR.

7. Plaintiff repleads the foregoing factual allegations as if quoted verbatim herein and set forth herein at length.

8. At the time of the collision described above, Defendant, JEREMIAH MOLINA, JR., through various acts and omissions, failed to exercise ordinary care while operating his commercial motor vehicle. These acts and omissions include the following, each of which singularly, or in combination with others, constitute acts of negligence that were a direct and proximate cause of the occurrence in question and the resulting injuries and damages Plaintiff suffered as set forth herein:

   a. Failure to control the speed of his entrusted commercial vehicle;

   b. Failure to keep a proper lookout;

   c. Failure to maintain his proper and lawful lane of traffic;

   d. Failure to make timely and proper application of brakes;

   e. Failure to steer his entrusted commercial vehicle to avoid collision with the center safety cable;

   f. Failure to exhibit proper and prudent commercial truck driver attention;

   g. Failure to properly secure the load being transported by his commercial truck; and

   h. Driving in a reckless manner.

## V.    NEGLIGENCE *PER SE* OF JEREMIAH MOLINA, JR.

9.    Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

10.    Additionally, and without waiving any of the foregoing, Plaintiff will show that, as is recognized under law/regulation, the acts or omissions as are set forth above amount to negligence *per se*. The acts or omissions as set forth above amount to negligence *per se* in violation of:

- Section 545.060(a) of the Texas Transportation Code (violating the duty to maintain a lawful lane of travel and not move from the lane until the driver has ascertained that movement can be safely made);

- Section 545.351 of the Texas Transportation Code (traveling at speeds that were not reasonable or prudent under existing circumstances); and

- Section 545.401 of the Texas Transportation Code (operating his vehicle in a willful, wanton, and reckless manner).

11.    Pursuant to applicable Federal Motor Carrier Safety Regulations, Plaintiff further alleges that Defendant, JEREMIAH MOLINA, JR., was negligent *per se* in:

- failing to operate his commercial tractor/trailer in accordance with the laws, ordinances, and regulations found in the Texas Transportation Code, being in violation 49 C.F.R. Section 392.2; and

- failing to secure his load in accordance with 49 C.F.R., Part 393.100.

12.    Plaintiff will show that the harm, injuries, and damages which he has been forced to endure relevant to the collision that is the subject of this action is that which the statutes and/or regulations in question were meant to prevent. Additionally, Plaintiff will show that he was within the class of persons sought to be protected by the passage of these statutes and/or

regulations.

## VI. <u>GROSS NEGLIGENCE OF JEREMIAH MOLINA, JR.</u>

13. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

14. Plaintiff would further show the Court that Defendant, JEREMIAH MOLINA, JR., on the occasion in question, drove recklessly and acted with a willful and/or wanton disregard for, and actual conscious indifference to, the safety, health, and welfare of others, to wit, Plaintiff herein. Such conduct illustrates a willful disregard for the safety, health, and welfare of Plaintiff and the general public, as well as a subjective awareness and conscious disregard of the extreme degree of risk. This conduct constitutes malice and/or acts of gross negligence. These acts of malice and/or gross negligence proximately caused the injuries and damages to the Plaintiff herein, who specifically pleads for exemplary damages in an amount which exceeds the minimum jurisdictional amount of this Court.

## VII. *RESPONDEAT SUPERIOR*

15. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

16. Without waiving the aforementioned, in conjunction with, additionally and/or alternatively, Plaintiff would further show this Court that Defendant, JEREMIAH MOLINA, JR., was in the course and scope of his employment with Defendant, WESTERN EXPRESS, INC., at the time of this collision. Under the doctrine of *Respondeat Superior*, Defendant, WESTERN EXPRESS, INC., is responsible for Plaintiff's damages caused by Defendant, JEREMIAH MOLINA, JR.'s, acts and/or omissions as described above.

### VIII. <u>NEGLIGENT HIRING BY WESTERN EXPRESS, INC.</u>

17. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

18. Plaintiff alleges herein that Defendant, WESTERN EXPRESS, INC., was negligent in the hiring of Defendant, JEREMIAH MOLINA, JR., in that Defendant, WESTERN EXPRESS, INC., knew, or in the exercise of reasonable care should have known, that Defendant MOLINA was unfit or unqualified for a position to safely operate commercial motor vehicles under the control of Defendant, WESTERN EXPRESS, INC.  Defendant, WESTERN EXPRESS, INC., was further negligent in employing and providing Defendant MOLINA with a commercial motor vehicle.

### IX. <u>NEGLIGENT TRAINING BY WESTERN EXPRESS, INC.</u>

19. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

20. Plaintiff alleges herein that Defendant, WESTERN EXPRESS, INC., was negligent in the training of Defendant, JEREMIAH MOLINA, JR., in that Defendant, WESTERN EXPRESS, INC., knew, or in the exercise of reasonable care should have known, that Defendant MOLINA was unfit or unqualified for a position in which he was required to safely operate and drive commercial motor vehicles.  Defendant, WESTERN EXPRESS, INC., failed to properly train and/or instruct Defendant MOLINA for the job he was to perform and for the safe operation and entrustment of a commercial motor vehicle.  Defendant, WESTERN EXPRESS, INC., failed to instruct or train Defendant MOLINA concerning the subject commercial motor vehicle and allowed Defendant MOLINA to drive a commercial motor vehicle when it knew or should have known that Defendant MOLINA was not capable of or

qualified in operating the commercial vehicle prudently.

## X.   NEGLIGENT SUPERVISION BY WESTERN EXPRESS, INC.

21.   Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

22.   Plaintiff alleges herein that Defendant, WESTERN EXPRESS, INC., was negligent in the supervision of Defendant MOLINA, in that Defendant, WESTERN EXPRESS, INC., knew or in the exercise of reasonable care should have known, that Defendant MOLINA was unfit or unqualified for a position which he was required to safely operate a commercial motor vehicle.  Defendant, WESTERN EXPRESS, INC., failed to supervise Defendant MOLINA for the job that he was to perform.  Defendant, WESTERN EXPRESS, INC., failed to supervise Defendant MOLINA on the date of the incident in question, and allowed, or failed to prevent Defendant MOLINA from operating Defendant, WESTERN EXPRESS, INC.'s, commercial vehicle in an unsafe manner.

## XI.   NEGLIGENT RETENTION BY WESTERN EXPRESS, INC.

23.   Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

24.   Plaintiff alleges herein that Defendant, WESTERN EXPRESS, INC., was negligent in the retention of Defendant MOLINA in that Defendant, WESTERN EXPRESS, INC., knew or in the exercise of reasonable care should have known, that Defendant MOLINA was unfit or unqualified for a position which he was required to safely operate a commercial motor vehicle.  Defendant, WESTERN EXPRESS, INC., negligently retained Defendant MOLINA prior to the date of the incident in question, and allowed, or failed to prevent, Defendant MOLINA from operating Defendant, WESTERN EXPRESS, INC.'s, commercial

vehicle in an unsafe manner.

## XII.   NEGLIGENT ENTRUSTMENT BY WESTERN EXPRESS, INC.

25. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

26. Without waiving the aforementioned, in conjunction with, additionally and/or alternatively, Plaintiff would further show this Court that on the date of the incident complained of herein, Defendant, WESTERN EXPRESS, INC., entrusted its vehicle to a reckless and/or incompetent Defendant MOLINA.  Defendant, WESTERN EXPRESS, INC., knew or should have known that Defendant MOLINA, Defendant, WESTERN EXPRESS, INC.'s, employee, was reckless and/or incompetent.  As described above, Defendant MOLINA's acts and omissions on the date of the incident complained of herein constituted negligence and were the proximate cause of Plaintiff's injuries.

## XIII.   GROSS NEGLIGENCE OF WESTERN EXPRESS, INC.

27. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

28. Additionally, the above-referenced acts and/or omissions of Defendant, WESTERN EXPRESS, INC., taken singularly or in combination, constitute acts of gross negligence and/or malice.  The conduct of Defendant, WESTERN EXPRESS, INC., viewed objectively from the standpoint of Defendant, WESTERN EXPRESS, INC., at the time of the incident that is the subject of this action, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others, including Plaintiff herein. Notwithstanding that risk, Defendant, WESTERN EXPRESS, INC., engaged in the above-referenced conduct and proceeded with conscious indifference to the rights, safety, and/or

welfare of others, including Plaintiff herein, despite Defendant, WESTERN EXPRESS, INC.'s, actual, subjective awareness of the extreme risks involved.  The above-referenced acts and/or omissions, taken singularly or in combination, constitute acts of gross negligence/malice that directly and proximately caused Plaintiff's resulting injuries and damages as outlined herein for which punitive/exemplary damages may be awarded.

## XIV.  DAMAGES

29. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

30. As a result of the negligent, grossly negligent and negligent *per se* conduct of Defendants, Plaintiff suffered injuries, harm, and damages.  The injuries have had a serious effect on Plaintiff's life, health, and well-being.  Because of Defendants' acts and/or omissions, Plaintiff suffered damages within the jurisdictional limits of the Court, which include, but are not limited to:

    i. Plaintiff's reasonable and necessary medical treatment paid or incurred in the past;

    ii. Plaintiff's reasonable and necessary medical treatment for which will be necessary in the future;

    iii. Plaintiff's past and future physical pain and suffering;

    iv. Plaintiff's past and future mental anguish;

    v. Plaintiff's past and future physical impairment;

    vi. Plaintiff's past and future physical disfigurement; and

    vii. Plaintiff's past lost wages and loss of future earning capacity.

## XV. EXEMPLARY DAMAGES

31. Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

32. Defendants WESTERN EXPRESS, INC. and JEREMIAH MOLINA, JR. acted with conscious disregard for the safety of others; having subjective awareness of the extent of injuries that could be caused by their negligence. As such, Plaintiff requests exemplary damages.

## XVI. JURY TRIAL

33. Plaintiff requests a jury trial.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, BENJAMIN T. HIBBARD, prays that Defendants WESTERN EXPRESS, INC. and JEREMIAH MOLINA, JR. be cited to appear and answer herein, and upon final hearing, Plaintiff have and recover from Defendants for Plaintiff's actual damages, exemplary damages, costs of court, both pre and post judgment interest, and for such other and further relief Plaintiff may show himself justly entitled, whether in law or equity.

Respectfully submitted,

**THE STEWART LAW FIRM, PLLC**

By: */s/ Stephen W. Stewart*
Stephen W. Stewart
sws@thestewartlawfirm.net
State Bar No. 50511607

3000 South IH-35, Suite 150
Austin, Texas 78704
Phone: (512) 326-3200
Fax: (512) 326-8228

**HARMONSON LAW FIRM, P.C.**

By: */s/ S. Clark Harmonson*
S. Clark Harmonson
clark@clarkharmonsonattorney.com
Texas State Bar No. 24041055

7170 Westwind Drive, Suite 201
El Paso, Texas 79912
Telephone: (915) 584-8777
Fax: (915) 247-2027

**ATTORNEYS FOR PLAINTIFF**